820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PLATT SACO LOWELL CORPORATION, Plaintiff-Appellant,
v.
MAREMONT CORPORATION, Defendant-Appellee.
PLATT SACO LOWELL COPORATION, Plaintiff-Appellant,
v.
MAREMONT CORPORATION, Defendant-Appellee.
 Nos. 86-3626, 86-3648.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1987.
Decided June 4, 1987.
 
 Before SPROUSE and WILKINS, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 James Henry Watson (Nancy Hyder Robinson; Leatherwood, Walker, Todd & Mann, on brief), for appellant.
 Orville Gilbert Calhoun, Jr. (W. Francis Marions, Jr.; Haynsworth, Marion, McKay & Guerard, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Platt Saco Lowell Corporation (Platt) appeals from the district court's grant of summary judgment in favor of Maremont Corporation on Platt's declaratory judgment action. The district court ruled that Platt must defend and indemnify Maremont on its potential product liability obligations "resulting from injuries sustained by third parties subsequent to July 17, 1973." We affirm.
 
 
 2
 Platt purchased the assets of Maremont's Saco Lowell Division on July 17, 1973, pursuant to an "Agreement for [the] Sale of Assets." Section 3.1 of the agreement provided that:
 
 
 3
 On the Closing Date [July 17, 1973], Platt agrees to assume and agrees to pay and fully satisfy the liabilities, obligations and costs of Maremont ... described in subsections (a) through (j) of this section....
 
 
 4
 (e) All liabilities of Maremont ... for Saco Lowell product liability claims which arise from events occurring after the closing date....
 
 
 5
 At one time, Maremont's Saco Lowell Division had manufactured industrial waste machines. In 1985, Barbara Madison sued Maremont for injuries she received while operating a "Saco Lowell Waste Machine." She sued on the theories of negligent manufacturing and design, as well as strict liability in tort.
 
 
 6
 Relying on Section 3.1 of the agreement, Maremont requested that Platt undertake its defense of the Madison litigation. Platt refused and filed an action asking for a declaration that it had no obligation to defend or indemnify Maremont in this or similar actions. The district court ruled in favor of Maremont, however, and ordered Platt to "take over, pay, and satisfy the liabilities, obligations and costs of Maremont for product liability claims resulting from injuries sustained by third parties subsequent to July 17, 1973."
 
 
 7
 Under Illinois law,[1] an indemnity provision must be clear and explicit before a person will be required to indemnify another for the other's negligence or strict liability. See Smith v. Clark Equipment Co., 136 Ill.App.3d 800, 483 N.E.2d 1006 (1985) (strict liability); Bates v. Select Lake City Theater Operating Co., Inc., 78 Ill.App.3d 153, 397 N.E.2d 75 (1979) (negligence). Platt argues that the language of Section 3.1(e) is not clear and explicit because it fails to use words such as "accidents," "injuries" or "lawsuits" in describing the incidents for which it agreed to assume Maremont's product liability. We disagree. Under the plain language of the agreement, Platt assumed liability for product liability claims arising from events occurring after the closing date of the agreement. Platt also urges that the phrase "events occurring after the closing date" refers specifically to placing the faulty machine in commerce, as well as to the injury. The fact that the injury occurred after the closing date, however, is sufficient to bring Madison's action within the ambit of Platt's responsibilities. We see no other ambiguity in the language of Section 3.1(e).
 
 
 8
 In view of this, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The agreement provided that it was to be governed by Illinois law